UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdi H., | Case No. 20-cv-2140 (MJD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Secretary, Department of Homeland Security, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Abdi H.'s ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. 1.) The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed as moot.

## I. BACKGROUND

Petitioner is a native and citizen of Ethiopia. (Dkt. 10-5.) On April 29, 2020, Immigration and Customs Enforcement ("ICE") "encountered" Petitioner at the Hennepin County Jail, where Petitioner was booked in on an assault charge. (Dkt. 10 ¶ 8.) ICE issued an Immigration Detainer. (*Id.*) ICE arrested Petitioner on April 30th, 2020, charging him with inadmissibility under Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act for having been convicted of a controlled substance crime, and served him with a Notice to Appear. (*Id.* ¶ 9; Dkt. 10-2.) On May 14, 2020,

an Immigration Judge ordered Petitioner removed. (Dkt. 10-4 at 1.) Petitioner waived his right to an appeal. (Dkt. 10 ¶ 11.)

Petitioner signed the Petition on September 26, 2020, but the Clerk's Office did not receive it by U.S. Mail until October 8, 2020. (*See* Dkt. 1 at 2; Dkt. 1-1.) Petitioner asked the Court to order ICE to either "move" him to his country or release him. (*Id.* at 2.) Respondent filed its response on December 16, 2020. (Dkts. 9, 10.) Respondent represented as part of its response that Hassan was scheduled to be removed to Ethiopia in mid-January 2021. (Dkt. 10 ¶¶ 14-16.) On January 20, 2021, Respondent notified the Court that Petitioner had been removed from the United States on January 14, 2021. (Dkt. 13 ¶ 6.)

## II. DISCUSSION

Respondent argues that the Petition should be dismissed as moot because Petitioner was removed from the United States on January 14, 2021. (Dkt. 12.) "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W.*

2

*Plains, Mo. ("In re Search Warrants")*, 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

This case became moot when Petitioner was removed from the United States because the Court "can no longer grant effective relief" since he is no longer in custody. *See Ali*, 419 F.3d at 723. Accordingly, the Court should not address the merits of his case because any such opinion would be merely advisory. *See In re Search Warrants*, 487 F.3d at 1192.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. The collateral-injuries exception does not apply when such injuries are a result of the final order of removal, not the prolonged detention itself. *Ahmed*, 2017 WL 3267738, at *2. Here, any continuing injury would follow from Petitioner's removal to Ethiopia, which Petitioner is unable to challenge under this Court's jurisdiction. *See id.* There is no concrete and continuing injury sufficient to keep this case alive. *See id.* As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully

3

litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193. Here, there is nothing remaining to litigate in this case, and there is no indication that Petitioner will be held in ICE custody again. *See Ahmed*, 2017 WL 3267738, at *3. Further detention is unlikely because Petitioner is no longer in the United States. Nevertheless, even assuming Petitioner returned to the United States and were brought back into custody, it would be under a new set of circumstances and facts and, consequently, "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged." *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (emphasis in original). Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See Ahmed*, 2017 WL 3267738, at *3. Accordingly, the Court recommends dismissal of the Petition as moot.

### III.   RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Abdi H.'s Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED AS MOOT**.

2. This case be **DISMISSED WITHOUT PREJUDICE**.

DATED: February 16, 2021                             *s/Elizabeth Cowan Wright*
                                                     ELIZABETH COWAN WRIGHT
                                                     United States Magistrate Judge

4

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).